# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DADA R. SLOCUM,

                    Plaintiff,

v.                                                    Case No. 23-CV-340-JPS

DR. JOSEPH MCLEAN, BARBARA
WIGLEY, and C.O. HARVEY,                    **ORDER**

                    Defendants.

Plaintiff Dada R. Slocum, an inmate confined at the Milwaukee Secure Detention Facility ("MSDF"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was not provided with a low bunk restriction. ECF No. 1. Plaintiff paid the filing fee in full on March 14, 2023. The remainder of this Order screens Plaintiff's complaint.

## 1.    FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th

Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations stem from the staff at MSDF denying him a lower bunk. ECF No. 1 at 2. On December 28, 2022, Plaintiff saw Defendant Nurse Wigley ("Wigley") and went over Plaintiff's medical history of strabismus and an injury from a recent car accident. *Id.* Wigley agreed that Plaintiff should be housed in a lower bunk because of his medical conditions. *Id.* However, Wigley neglected to enter a lower bunk restriction into the computer. *Id.*

On January 8, 2023, Plaintiff was moved to 8B cell 19 upper bunk. *Id.* Plaintiff informed Sergeant Jamison ("Jamison") about his lower bunk

restriction. *Id.* Jamison indicated, however, that there was no restriction noted and that Plaintiff needed to take the upper bunk. *Id.* On January 9, 2023, Plaintiff saw Defendant Dr. Joseph McLean ("McLean") for his injuries and underlying medical conditions and McLean agreed that Plaintiff should have a lower-bunk restriction. *Id.* (It is unclear from Plaintiff's allegations if McLean noted the restriction or not.)

On February 6, 2023, between the hours of 2:00–3:00 a.m., Defendant C.O. Harvey ("Harvey") was doing safety checks and shined her flashlight directly into Plaintiff's eyes. *Id.* at 3. As a result, Plaintiff was startled and fell off the bunk. *Id.* Plaintiff had serious neck and back injuries and was rushed to the Froedtert Trauma Unit. *Id.*

Plaintiff indicates that he did not follow the grievance procedure because he feared retaliation from DOC staff. Plaintiff states it is known that correctional staff will retaliate against an inmate for filing a grievance. *Id.*[1]

### 3.    ANALYSIS

A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v.*

---

[1]In light of Plaintiff's statement related to exhaustion and the multiple levels of administrative review that a prisoner must complete under state law before filing a lawsuit, *see* Wis. Admin. Code §§ DOC 310.07–13, the timing of the complaint raises the question whether Plaintiff exhausted his available administrative remedies, as required by 42 U.S.C. § 1997e(a), prior to filing this lawsuit. A failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock,* 549 U.S. 199, 211–12 (2007), so the Court need not resolve that issue now. But if Plaintiff has not completed the grievance process, his complaint may be subject to dismissal. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). As a reminder, a prisoner cannot complete the grievance process while a lawsuit is pending—he must do so before he files his lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (affirming dismissal of lawsuit filed two days before prisoner completed grievance process). If Plaintiff has not exhausted his administrative remedies, he may wish to seek voluntarily dismissal of this action without prejudice so that he can complete the grievance process and comply with § 1997e(a).

Case 2:23-cv-00340-JPS   Filed 07/05/23   Page 3 of 7   Document 4

*Gamble*, 429 U.S. 97, 104 (1976). To state a claim, Plaintiff must allege facts from which the Court can infer that: (1) he had an objectively serious medical need; and (2) the defendants were deliberately indifferent towards that medical need. *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 427–28 (7th Cir. 2017); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The Court does not find that Plaintiff states sufficient factual allegations to proceed against Defendants Wigley, McLean, and Harvey for an Eighth Amendment deliberate-indifference claim. Plaintiff alleges that Wigley agreed with his need for a low-bunk restriction, but for unclear reasons did not include the restriction in Plaintiff's file. Plaintiff's allegations as currently plead at most show Wigley's negligence, but nothing indicates that she intentionally left out the restriction. Similarly, Plaintiff provides that McLean agreed that Plaintiff should receive a low-bunk restriction. Plaintiff's allegations against McLean are unclear as to whether McLean included the low-bunk restriction in Plaintiff's file following their visit. Finally, Plaintiff's allegations against Harvey show at most negligence since no facts show that Harvey intended to cause Plaintiff to fall from his bunk; instead, the allegations as currently pled show that

Harvey was performing a safety check on Plaintiff. As such, the Court finds that Plaintiff fails to state an Eighth Amendment claim for deliberate indifference. As indicated, Plaintiff may state a state-law negligence claim. However, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim. *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

**4.     CONCLUSION**

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. The Court will, however, grant Plaintiff a chance to amend his complaint. If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies as described herein. An amended complaint must be filed on or before **August 4, 2023**. Failure to file an amended complaint within this time period may result in dismissal of this action.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each

claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **August 4, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen the second amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim and will issue him a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a an amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.